LEONARD MITCHELL AND WIFE, ALMA MITCHELL; VIRGINIA SMITH AND HUSBAND, NICKSON SMITH; ETHEL RHOADS AND HUSBAND, SAM RHOADS; JOHN LEVIE MITCHELL, WAVERLY MITCHELL, AND THE FOLLOWING MINORS, VIZ.: FLORENCE MITCHELL AND OSCAR MITCHELL, WHO APPEAR BY THEIR NEXT FRIEND, M. M. PIERCE, HEIRS AT LAW OF MINNIE M. MITCHELL, DECEASED, v. ANDREW MITCHELL AND WIFE, WINNIEFRED EVELYN MITCHELL, AND J. H. MITCHELL, HUSBAND OF MINNIE MITCHELL, DECEASED.

(Filed 17 March, 1937.)

**1. Judgments § 25—**

Where the court hears a cause by consent and renders judgment upon the pleadings, all material facts being admitted therein, a motion to set aside on the ground of irregularity is properly denied, an irregular judgment being one rendered contrary to the course and practice of the court.

**2. Judgments § 1—**

Where the pleadings admit all material facts, a judgment thereon rendered by the court in a hearing by consent is not a consent judgment, since the judgment adjudicates the legal rights of the parties upon the facts.

**3. Homestead § 6—**

Where land of a deceased judgment debtor is sold, and the purchaser pays taxes and a mortgage on the land executed by the judgment debtor, and thereafter the sale is set aside by the heirs because no homestead was allotted, the purchaser at the sale is entitled to a lien for the taxes and mortgage superior to the homestead or any other rights of the heirs.

**4. Judgments § 29: Descent and Distribution § 13—Only heirs who were parties are concluded by judgment for sale of land to pay superior liens.**

The execution sale of land of a deceased judgment debtor was set aside for failure to allot homestead, but judgment was entered that the purchaser, who had paid taxes and a mortgage executed by the judgment debtor, was entitled to a lien therefor superior to all rights of the heirs of the judgment debtor, all material facts being admitted in the pleadings, and the land was sold to satisfy the lien created by the judgment. *Held:* All the heirs at law who were parties to the action, including minors who filed answer through a guardian *ad litem,* are concluded by the judgment, but heirs who were not parties are not estopped by the judgment or their interests in the land divested thereby, although such interests are liable proportionately for the lien of the purchaser for taxes and the mortgage executed by their ancestor, and, in a proper proceeding, for the judgment paid out of the proceeds of the execution sale, there being no personalty of the estate available for that purpose.

APPEAL from *Harris, J.,* at January Term, 1937, of WAYNE. New trial.

This was a petition for sale of land for partition. Plaintiffs allege that Leonard Mitchell, Virginia Smith, Ethel Rhoads, John Mitchell, Waverly Mitchell, Florence Mitchell, and Oscar Mitchell, and the defendant Andrew Mitchell are tenants in common, each owning an undivided one-eighth interest in a described tract of land containing 31 acres, which descended to them as heirs at law of Minnie Mitchell, deceased; and they further allege that their undivided interests are subject to the life estate therein of J. H. Mitchell, tenant by the curtesy. The defendants Andrew Mitchell and his wife, Winniefred Mitchell, plead sole seizin in Winniefred Mitchell by virtue of a deed to her for the land pursuant to a sale under a judgment of the Superior Court, rendered by Cowper, Judge.

Upon the trial in the Superior Court of the issue raised by defendant's plea of sole seizin, there was verdict for defendant Winniefred Mitchell, following a peremptory instruction by the court. And from judgment declaring her sole seized of the land, plaintiffs appealed.

*Parker & Lee for plaintiffs, appellants.*
*D. H. Bland for defendants, appellees.*

DEVIN, J. A concise summary of the facts in chronological order as they appear from the pleadings and record before us, may be stated as follows:

Minnie Mitchell, wife of J. H. Mitchell, was the original owner of the land. In 1929, A. T. Griffin Manufacturing Company secured a judgment against Minnie Mitchell and her husband for a debt for materials for a building on the land, pursuant to notice and claim of material-

man's lien, and the judgment declared the lien and authorized sale according to the statute.

In March, 1930, Minnie Mitchell died without having paid the judgment. No administrator was appointed for her estate until December, 1931, when J. H. Mitchell, the husband, qualified. In December, 1930, execution was issued by the clerk of the Superior Court, and the sheriff, pursuant thereto, sold the land without, however, laying off the homestead, and the defendant Winniefred Mitchell purchased the land for $680.00, and the sheriff executed and delivered deed therefor to her 24 April, 1931. The $680.00 purchase money was applied to the payment of the judgment, interest and costs, and delinquent taxes. J. H. Mitchell refused to surrender possession of the land, and on 4 September, 1931, Winniefred Mitchell instituted suit against him and his second wife, Lizzie Mitchell, for possession of the land, claiming title under the sheriff's deed. No answer was filed to the complaint at the time, but in January, 1932, J. H. Mitchell was given leave to file answer, which he did, setting up failure to allot homestead, and alleging that the execution sale and deed were for that reason void. Thereupon, at said January Term, 1932, the court directed that additional parties defendant be made, granting leave to plaintiffs and defendants to file amended pleadings.

Pursuant to the order in the case entitled "Winniefred Mitchell *v.* J. H. Mitchell *et al.,*" summons was served on the following additional parties made defendants therein: J. H. Mitchell, administrator of Minnie Mitchell, deceased, A. T. Griffin Manufacturing Company, Paul Garrison, sheriff; Oscar Mitchell, Florence Mitchell, and Waverly Mitchell, infants; and Scott Berkeley, their duly appointed guardian *ad litem.* Amended complaint was thereupon filed, and the guardian *ad litem* answered.

At March Term, 1932, Cowper, J., presiding, the cause was heard by consent and, upon the pleadings, all material facts being admitted, Judge Cowper rendered judgment declaring that the sheriff's deed to Winniefred Mitchell, made pursuant to sale under execution, was void, but held that the money she had paid therefor in good faith had been used for the payment of the past due taxes on the land, and that she had also paid off a prior outstanding mortgage on the land executed by Minnie Mitchell, and that thereby Winniefred Mitchell was subrogated to these liens, and appointed a commissioner to sell the land to satisfy said liens which were adjudged superior to the homestead rights.

Defendants J. H. Mitchell and wife, J. H. Mitchell, administrator, and the three infant defendants, through their guardian *ad litem,* gave notice of appeal from the Cowper judgment, but did not perfect their appeal.

The commissioner named in the Cowper judgment sold the land according to direction 31 May, 1932, and Winniefred Mitchell became the last and highest bidder for same at the price of $450.00, and upon confirmation of sale at August Term, 1932, deed was made conveying to her the land. It was reported by the commissioner and confirmed by the court that the price bid was fair and reasonable.

January 19, 1937, in the case entitled "Winniefred Mitchell v. J. W. Mitchell et al.," the same counsel who now represent the plaintiffs in this partition proceeding, purporting to act as counsel for the infant defendants Oscar Mitchell, Florence Mitchell, and Waverly Mitchell, gave notice of motion to set aside the Cowper judgment of March, 1932, and to vacate the sale and deed made pursuant thereto by the commissioner on the ground that the judgment was irregular by reason of new parties and pleadings, that same was not supported by the pleadings, and that consent by the guardian ad litem was not sufficient to bar the infants.

The motion to set aside the judgment in "Winniefred Mitchell v. J. H. Mitchell and others" and vacate the subsequent proceedings thereunder on the ground of irregularity was properly denied. An irregular judgment is one rendered contrary to the course and practice of the court. McIntosh Prac. and Proc., sec. 653; Harnett Co. v. Reardon, 203 N. C., 267. The movants were properly before the court and the pleadings set out all the facts and support the judgment.

Nor can the judgment be set aside as one involving the rights of infants as to which consent was improperly given. It was not a consent judgment. No property rights of the infants were surrendered. All the material facts were admitted in the pleadings. There were no controverted issues of fact. The liens for unpaid taxes on the property and for the mortgage executed by their ancestor in title were properly declared by the judgment to be superior to any rights they might have as heirs, or for allotment of homestead. The facts here render inapplicable the authorities cited by appellant on this point.

It follows, therefore, that there was no error in denying the motion, and the exception thereto cannot be sustained.

However, it appears there was error in the peremptory instructions of the court to the jury in the partition proceeding that they should answer the issue that Winniefred Mitchell was sole seized of the land. Four of the plaintiffs in this proceeding, admittedly heirs of Minnie Mitchell, were entitled each to an undivided one-eighth interest in the land. They were never made parties to the case of "Winniefred Mitchell v. J. H. Mitchell et al.," and were not estopped by the judgment therein. Their title was not thereby divested. Nevertheless, it appears that their undivided interests in the land are likewise subject to the lien in favor

of the defendant Winniefrèd Mitchell for their proportionate part of the unpaid taxes and prior mortgage and interest, and that their interests in the land may be liable; in proper proceeding, to be charged proportionately with the payment of the debt represented by the Griffin judgment, there being no personal property in the hands of the administrator available for that purpose.

We conclude there was no error in denying the motion to set aside the judgment of Judge Cowper, but that there was error in the instruction of the court upon the issue addressed to the defendant's plea of sole seizin, for which there must be a

New trial.